FRANCIS J. MOISSEN, Appellant, *v.* ADOLPHE KLOSTER,
*et al.*, Executors, Respondents.

*Court of Appeals, June 25, 1889.*

Affirming 39 Hun, 657, Mem.

1. *Pleading. Answer. Denial.*—An answer, which, after admitting some
   of the allegations in, denies, upon information and belief, the rest of,
   the complaint, is sufficient to put plaintiff to the proof of all the
   allegations of the complaint, except those admitted by the answer.
2. *Evidence.*—Where the plaintiff rests his case and announces that his
   cause of action will stand upon the insufficiency of the answer and its
   verification, an answer to his question upon cross-examination, as to
   who was the legal adviser of defendant's testator, has no relation to
   his cause of action, and is properly excluded in an action brought to
   recover for professional services rendered by plaintiff to such testator.
3. *Dismissal of complaint. When need not be made.*—When the defend-
   ant sets up a counterclaim on account of money loaned to plaintiff, and
   demands an affirmative judgment therefor, and, if proved, will be en-
   titled to it in the action, the complaint should not be dismissed until
   defendant has had an opportunity to introduce his proofs upon this
   branch, and he is not bound to move for a dismissal of the complaint,
   in order to entitle him to such a disposition of the case by the referee.
4. *Referee. Power to open a case.*—The referee has the same power as the
   court upon the trial of an action to open the case, after the evidence is
   closed and the case submitted to him.
5. *Same. Cancellation of note.*—After a note is admitted in evidence under
   a counterclaim setting it up, its cancellation and tender are unneces-
   sary, and the opening of the case for this purpose can work no harm or
   benefit to either party.

*F. J. Moissen*, plaintiff in person, and appellant.

*Wm. D. Veeder*, for defendants and respondents.

POTTER, J.—This is an appeal from a judgment of the
general term of the second department, affirming a judg-
ment upon the report of a referee in favor of the respond-
ent, against the plaintiff, for $346.42, in an action in the
county court of Kings county.

The action was brought by plaintiff to recover a bill (an-

nexed to the complaint) for professional services rendered for the testator by the plaintiff, amounting to $400. The answer admits the residence in Brooklyn of the testator at the time of his death, January 28, 1883; that the defendants are his executors, etc.; also, that the plaintiff presented said bill, and that they declined to pay the same.

The further answer denies the rest of the complaint, upon information and belief. The answer further alleges, upon information and belief, payment by the testator in his lifetime for all plaintiff's work, labor and services performed by said plaintiff for said testator; also, the further answer, upon information and belief, that the plaintiff borrowed of the testator money, amounting to the sum of $200, which has never been paid, and the plaintiff is indebted to the defendants, as representatives of said Masson, in said sum, with interest thereon. The plaintiff replied to the answer herein, first, denying such indebtedness, upon information and belief; and, second, said plaintiff, further replying to said answer, says: That on or about the 15th day of August, A. D., 1883, said plaintiff made his promissory note, bearing date on that day, whereby he promised to pay, five months after the date thereof, the sum of $200, for value received; and for value received by said plaintiff of and from Joseph Masson, now deceased, said plaintiff delivered the said note unto the said Joseph Masson, which claim upon said note, plaintiff verily believes, is the claim for money loaned by said Joseph Masson to said plaintiff, mentioned and set forth by the defendants herein in their answer in this action.

*Third.* Plaintiff, further replying, says: That plaintiff has no knowledge or information sufficient to form a belief as to whether the defendants herein are the lawful owners and holders of said note, but avers, upon information and belief, that the same is not now in their possession, but in the possession of some person or persons unknown to said plaintiff.

The issues were referred by consent.  Upon the trial the plaintiff asked judgment upon the pleadings, " wherefore, the plaintiff demands judgment against the said defendants as executors as aforesaid, for the said sum of $400, together with interest thereon from the 28th day of January, A. D. 1884, besides the costs of this action."  The referee held " that there is a sufficient denial to raise an issue on all facts stated in complaint not expressly admitted by the answer." To this ruling, plaintiff did not except.  The plaintiff then proved the interest upon the account or claim amounting to sixteen dollars.

Plaintiff then " rested on the pleadings."  After several adjournments, and upon the 27th of October, 1884, " plaintiff's counsel moves to open the case for the plaintiff, in order to enable the plaintiff to introduce evidence that the defendant's executor, Adolphe Kloster, who does not verify the answer, had personal knowledge of all matters alleged in the complaint."

The defendant proved, by one of the defendants (who was a banker, and the depository of Masson), that by direction of Masson, and in his presence, the witness delivered to plaintiff the sum of $150, and on the same occasion received plaintiff's note, and, at another time, the witness gave plaintiff some money by direction of Masson.  The defendant then produced and proved plaintiff's signature to a note, as follows :

" $200.                    NEW YORK, August 15, 1883.

" Five months after date I promise to pay to the order of Joseph Masson, Esq., $200, at National Park Bank, with interest.  Value received.           F. J. MOISSEN."

To this proof, plaintiff objected as immaterial, and excepted to the ruling of the referee to the contrary.

The plaintiff also objected to the proof of the note of $200, " as immaterial, and on the ground that this note had not

been pleaded in the answer, and that the defendants had full knowledge of it before pleading ; objection overruled ; plaintiff excepts."

The defendants then produced a paper, and proved it had on the back something subscribed by plaintiff. . To this, plaintiff objected, and the objection was overruled, and plaintiff excepted.

It will be somewhat embarrassing to pass upon the merits of this objection, for what the paper contained or its endorsement, other than plaintiff's name, does not appear in the case. Defendant then proved the interest on the loan by Masson to plaintiff, amounting to $14.40. The plaintiff then cross-examined this witness, and after the witness had answered the question that he knew who attended to Masson's legal business, was asked, " Who was it ? " To this the defendant's counsel objected as " irrelevant and incompetent." The objection was sustained, and the plaintiff excepted. Upon further cross-examination of this witness, in relation to his knowledge of plaintiff's handwriting, he produced a receipt for money of Masson which the witness saw plaintiff sign. The plaintiff on further cross-examination of the defendant proved in addition to the fact that he delivered some money to the plaintiff by direction of Masson ; that Masson told the witness, just after the witness had delivered the money to the plaintiff for Masson, that plaintiff had applied to him for a loan of $200, and further that the witness was not present at the loan of $50, which makes the loan of $200.

This is the substance of the evidence, and upon it the case was submitted to the referee. While the case was under consideration by the referee, the defendant made a motion upon affidavit and pleadings and notice to the referee for leave to the defendant " to open the case for the purpose of bringing before said referee and into court to be delivered up and cancelled, the note of plaintiff to Joseph

Masson for $200, dated August 15, 1883, and marked by the referee as Ex. No. 1, October 27, 1884."

The plaintiff opposed the motion upon the ground that the case having been submitted, the referee had no jurisdiction to open the same. The referee granted the leave, and plaintiff took no exception. The reference was then set down for November twentieth, and in the meantime the referee was served with a writ of prohibition against further proceedings until a hearing upon the question whether the same should be made absolute.

In due time this question was presented, and the court refused to make the prohibition absolute and vacated the stay.

Thereafter, and upon the 19th day of December, 1883, an adjourned day, the parties appeared before the referee, and defendants surrendered to the referee, Exhibit 1, of October 27, 1884, in evidence, for cancellation, and offered it to plaintiff, after cancellation, indorsed by referee. Plaintiff refused to accept tender on the grounds:

*First.* That he is not properly before the referee, not having received any notice of reference for any new hearing of this matter.

*Second.* On the further ground that the tender of the note is improper under the evidence and pleadings in this case. Objection overruled, and plaintiff excepts. "Defendants rest." The referee in due time made his report, as follows:

" *To the County Court of the County of Kings, ss. :*

" I, Daniel W. Northrup, to whom, by an order herein, dated the 8th day of September, 1884, this action was referred to hear and determine all the issues therein, do hereby make and file this, my report, as follows : I have been attended by the respective parties to this action. Before proceeding to hear this case, the parties to this action waived the taking of the oath by the referee. I have heard such evidence as was offered before me. I find as matters of fact :

I. That said Joseph Masson, deceased, was a resident of the city of Brooklyn at the time of his death, which occurred on or about January 28, 1884.

That he left a last will and testament bearing date September 15, 1883, wherein and whereby said defendants were appointed as his sole executors.

That on the 15th day of April, 1884, said will was duly admitted to probate by the surrogate of said Kings county, and letters testamentary thereon were duly issued to said defendants as such executors who reside in said Kings county.

II. That the defendants are not indebted to the plaintiff as alleged in the complaint herein.

III. That at divers times, after July 1, 1883, and before the said death of said Masson, said Masson loaned to the plaintiff herein, divers sums of money, amounting in all to $200, for which said amount said plaintiff made and delivered to said deceased, his promissory note, dated August 15, 1883, payable five months from the date thereof, with interest, which said note was brought into court and delivered up by said defendants upon the trial of this action for cancellation.

IV. That said plaintiff has never repaid the said money so loaned, or the note so given for the same, and the whole thereof is now justly due and payable to said defendants as such executors, with interest thereon from the 15th of August, 1883.

And I find as conclusions of law :

That said defendants, as such executors, are entitled to judgment against the plaintiff, that the complaint herein be dismissed, and for the sum of $200 and interest thereon, from the 15th day of August, 1884, amounting to sixteen dollars and twelve cents, in all, the sum of $216.12, besides the costs of this action, and I direct that judgment be entered accordingly.

Dated, *December* 19, 1884.

　　　　　　　　　D. W. NORTHUP, *Referee.*"

The plaintiff, before or at the time the referee made his report, proposed findings of fact and conclusions of law which the referee refused to sign, and the plaintiff excepted " to the failure of the referee to find as requested by plaintiff," and also excepted to the report made by the referee, as follows:

*First exception.* Plaintiff excepts to the first finding of fact on the ground that the same is not warranted by any fact proven on the trial of this action. No proof having been offered by or against the claim of plaintiff in the complaint herein by the plaintiff or defendant.

*Second exception.* Plaintiff excepts to said first finding of fact on the further ground that under the pleadings in this action, plaintiff was not called on to prove, nor had the referee power to require him to prove any of the allegations in the plaintiff's complaint. The answer of the defendant not denying the material allegations of the complaint in the form required by the Code of Civil Procedure, and constituting no defense to plaintiff's cause of action.

*Third exception.* Plaintiff excepts to the third finding of fact on the ground that the same is an incorrect statement of the facts proven on said trial, and that after the statement in said finding relative to the making and delivery of the note therein mentioned, the said referee should have added the statement that said note, though so made and delivered by plaintiff, was not paid by him to the defendant.

*Fourth exception.* Plaintiff also excepts to said third finding of fact on the ground that the defendant did not prove, on said trial, any loan of moneys by Joseph Masson, deceased, to said plaintiff, which could and did form a subject of counterclaim under the law to the claim of the plaintiff in this action.

*Fifth exception.* Plaintiff also excepts to that part of said third finding of fact relative to the surrender of the note upon trial for cancellation, on the ground that that part of said finding is untrue.

*Sixth exception.* Plaintiff excepts to the fourth finding of fact, on the ground that the same is not warranted by the proof produced before said referee on the trial of this action. It having been affirmatively shown by the defendant that the note given for the pretended loan made by Joseph Masson to the plaintiff was not to be paid by the plaintiff.

*Seventh exception.* Plaintiff excepts to the conclusion of law in said report, on the ground that, without any motion made for that purpose, or any motion made for judgment of dismissal of complaint by the defendant, the referee assumes to dismiss the complaint herein, without any authority to do so.

*Eighth exception.* Plaintiff excepts to the conclusion of law in said report, on the further ground that it proceeds to render judgment in favor of the defendant and against the plaintiff, for a sum of money proven on the trial of the action not to have been payable to the said Joseph Masson, and necessarily not to his executors as such.

*Ninth exception.* Plaintiff further excepts to said report, on the ground that the same should have been in form as requested by plaintiff's request to find, hereto annexed, and should have directed judgment in favor of plaintiff and against the defendant for the amount claimed in the complaint, with costs.

F. J. MOISSEN,

Dated *April* 23, 1885.        *Plaintiff in Person.*

It is very plain, from this history of the case, that the referee held that the allegations of defendant's indebtedness, in the complaint, to plaintiff, were put in issue by the answer, and the plaintiff gave no evidence to prove such allegations, and that the counterclaim of defendant, that plaintiff was indebted to the defendant's testator in the sum of $200 for money loaned, was both proven by the defendant's evidence and admitted by plaintiff's reply to said counterclaim.

To the ruling by the referee, that the answer was suffi-

cient to put plaintiff to the proof of the allegations of the complaint, except to those admitted by the answer, the plaintiff took no exception. But if an exception had been taken to the ruling of the referee in that regard, we think the answer was manifestly in conformity with subdivision 1, section 500, and the decisions under said section.

The exceptions of plaintiff to the ruling of the referee in excluding an answer to his question upon cross-examination, as to who was the legal adviser of the testator, was proper. It had no conceivable relation to any subject of inquiry upon the direct examination of the witness by defendants. Clearly it would have no relation to plaintiff's cause of action, for he had rested his case and announced, if he had not virtually agreed, that his cause of action should stand upon the insufficiency of the answer and its verification.

If the plaintiff intended to abandon his position, that the pleadings established his cause of action, and to offer proof to support the allegations of his complaint, he should have made such announcement, and stated how an answer to this question and other proofs to be made by him would have tended to show that the plaintiff rendered the services specified in the bill annexed to the complaint at the request of the defendants testator. We think this exception should not give the plaintiff a new trial.

There is nothing in the point that the defendants should have moved for a dismissal of the complaint in such a case as this. The defendants had set up a counterclaim on account of money loaned to plaintiff and demanded an affirmative judgment against the plaintiff therefor, and, if proved, would be entitled to it in this action. Hence, the complaint should not be dismissed until defendants were afforded an opportunity to introduce their proofs upon that subject.

The defendants then proceeded to introduce their proofs of the indebtedness of the plaintiff to the defendant's testa-

tor to the amount due upon a note dated August 15, 1884, of $200, payable with interest at five months. The execution and delivery of this note was admitted in plaintiff's reply, and it is not alleged in plaintiff's reply that the note, or any part of it, has ever been paid by the plaintiff, but the utmost of plaintiff's allegations in his reply is that he has no knowledge or information sufficient to form a belief whether the defendants are the lawful owners of said note, but avers upon information and belief, that the defendants are not now (the date of verifying the reply), in the possession of said note. As if this proof in the case of a loan to plaintiff by Masson was not sufficient, the plaintiff himself introduces the declaration of Masson that the plaintiff had applied to him for a loan of $200, three or four days previous to the date of the note.

We think there is nothing in plaintiff's point that after the evidence was closed and the case submitted to the referee, he opened the case to allow the defendants to deliver the note, which had been proved and admitted to have, the referee cancel the note, and to tender it to plaintiff.

A referee has the same power as the court upon the trial of an action, and the cancellation and tender of the note was uncalled for and inconsequential, and could work no harm or benefit to either of the parties.

I see nothing in the exceptions to the findings of the referee or his conclusions of law that calls for any further notice. Indeed, the plaintiff in his brief has not discussed or referred to them.

The judgment should be affirmed, with costs.

All concur, except VANN and BROWN, JJ., not voting.